Gretchen Staft
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gretchen_staft@fd.org

*Counsel for Defendant Neeraj Bhatt*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>NEERAJ BHATT,<br><br>                Defendant. | Case No. 3:23-cr-00054-JMK-MMS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

COMES NOW Defendant Neeraj Bhatt, by and through counsel, Gretchen Staft, Assistant Federal Defender, submits this memorandum in anticipation of his sentencing hearing scheduled for August 11, 2023 at 11:00 a.m. At sentencing, pursuant to the plea agreement, the parties will ask the court to impose a sentence of time-served followed by a period of supervised release, to expire upon his departure from the United States or three years, whichever comes first. Such a sentence reflects the nature and circumstances of the offense as well as Mr. Bhatt's history and characteristics, and is sufficient to serve the purposes of sentencing set forth in 18 U.S.C. §3553(a).

//

//

//

## I. ADVISORY GUIDELINE COMPUTATION

It is estimated that Mr. Bhatt's sentencing guideline range is zero to six months based on a total offense level of 4[1] and a Criminal History Category of I.[2]

## II. STATUTORY SENTENCING FACTORS

In this case, a sentence of time-served followed by a term of supervised release to expire upon Mr. Bhatt's departure from the United States is a fair application of §3553(a) factors, including the advisory sentencing guidelines.

1) <u>The Nature and Circumstances of the Offense</u>

A passenger on a cruise ship where Mr. Bhatt worked accused him of making her uncomfortable by rubbing lotion on her legs while he was inside her cabin.[3] Mr. Bhatt was cooperative with law enforcement and submitted to two interviews.[4] He explained that he had entered the passenger's cabin to clean it while she was present. While inside the cabin, the passenger requested lotion, which he retrieved for her. Mr. Bhatt denied inappropriate contact with the passenger and explained that when he brought the lotion to the passenger, she proceeded to rub it onto a plush, stuffed frog toy she had brought with her.[5] He told investigators he used a doorstop upon entering the room but later noticed that it had slipped

---

[1] Base offense level: <u>6</u> (U.S.S.G. § 2B1.1(a)(2))
  Acceptance of responsibility: <u>-2</u> (U.S.S.G. § 3E1.1)
  Total offense level: <u>4</u>
[2] Mr. Bhatt has no known criminal history. *See* Pretrial Services Report at Docket 6.
[3] Due to the passenger's behavior and threats to other crewmembers following this complaint, cruise management had the passenger confined to her cabin with guards outside for the remainder of the cruise.
[4] He also told investigators he was willing to submit to DNA testing.
[5] Security video footage shows the passenger embracing a green plush frog in her arms during check-in to her cabin.

*United States v. Neeraj Bhatt*
Case No. 3:23-cr-00054-JMK-MMS                                                                 Page 2

and the door was mostly closed, open by only a few inches. When investigators showed him security video footage, Mr. Bhatt acknowledged that the cabin door had actually fully shut upon each entry into the cabin.[6]

2) <u>Mr. Bhatt's History and Characteristics</u>

Mr. Bhatt has no known criminal history and is an Indian citizen. He is a kind, respectful man with a wife and three-year old child at home in India. Both his mother and child are ill and require his care and involvement in their medical care.

Mr. Bhatt has complied with his conditions of release.

3) <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; to Protect the Public from Further Crimes of the Defendant; and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner</u>

The punishment Mr. Bhatt faces for this offense is serious. Though it had been Mr. Bhatt's dream to work in the United States, the instant conviction will likely prevent Mr. Bhatt from ever again reentering the United States. Not only is he accepting a felony conviction that renders him inadmissible, but he spent five days in jail and has been forced to remain in Alaska, where he has no connections or support system, and prevented from returning to India to help his ill family members during the pendency of the case.

These consequences certainly provide deterrence for Mr. Bhatt and similarly situated individuals. Mr. Bhatt has complied with his conditions of release and has no prior

---

[6] Company policy requires use of a doorstop when entering a passenger cabin. Mr. Bhatt was dismissed for failing to follow company policy.

*United States v. Neeraj Bhatt*
Case No. 3:23-cr-00054-JMK-MMS                                                                                                Page 3

Case 3:23-cr-00054-JMK-MMS   Document 27   Filed 08/04/23   Page 3 of 5

criminal history, so there does not seem to be a need to protect the public from Mr. Bhatt. Nonetheless, he will be subject to a condition that he make reasonable efforts to depart the country quickly, which also comports with his desire to return to his family as soon as possible. The defense has been making efforts to coordinate the logistics of his departure.

4) <u>The Kinds of Sentences Available</u>

The Court is not constrained in the type of sentence it may impose.

5) <u>The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct</u>

Undersigned counsel is unaware of similar cases for comparison.

6) <u>The Need to Provide Restitution to Any Victims of the Offense</u>

There are no victims of the instant offense.

## III. CONCLUSION

For the foregoing reasons, a sentence of time-served followed by supervised release expiring upon Mr. Bhatt's departure from the country is sufficient to meet the purposes of sentencing set forth in 18 U.S.C. §3553(a).

DATED at Anchorage, Alaska this 4th day of August, 2023.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Gretchen Staft*
Gretchen Staft
Assistant Federal Defender

*United States v. Neeraj Bhatt*
Case No. 3:23-cr-00054-JMK-MMS                                                                 Page 4

Case 3:23-cr-00054-JMK-MMS   Document 27   Filed 08/04/23   Page 4 of 5

<u>Certificate of Service</u>:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 4, 2023. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Gretchen Staft*