S. LANE TUCKER
United States Attorney

MS. MORGAN J. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: morgan.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>NEERAJ BHATT,<br><br>    Defendant. | No. 3:23-cr-00054-JMK-MMS |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

```
INCARCERATION ........................................................................TIME SERVED
SUPERVISED RELEASE ...............SUPERVISION EXPIRES ON DEPARTURE
SPECIAL ASSESSMENT.............................................................................$100
RESTITUTION ........................................................................................NONE
FINE........................................................................................................NONE
```

## FACTS

After receiving a *Miranda* warning and an advisement that making a knowingly false statement to federal law enforcement officers was a crime, the Defendant willfully

made a false statement to Special Agents of the FBI and Coast Guard Investigative Service. The Special Agents were investigating a matter constituting a potential federal crime that occurred within the special maritime jurisdiction of the United States. The Defendant knew that his statement was material because it had a natural tendency to influence the course of the investigation.

## GUIDELINES CALCULATION

The Court ordered that there would be no presentence report.[1] The Government calculates a total offense level of 4 with criminal history category I. This corresponds to a guideline range of zero to six months. It appears the parties agree regarding the guideline range.[2]

**STATUTORY CRITERIA AND RECOMMENDED SENTENCE**

**1. Nature and circumstances of the offense**

The Defendant knew that, as a crew member aboard a cruise ship, his employer's policy forbade him[3] from being present alone with a passenger in the passenger's cabin. In this case, the Defendant repeatedly entered and exited the passenger's cabin, allowing the door to fully close after he entered the cabin. Later, the passenger disclosed to other crew members that the Defendant made sexual advances within the cabin, culminating in the Defendant touching her buttocks without consent. The passenger suffered considerable distress because of this incident.

---

[1] Dkt. 26
[2] Dkt. 27 at 2
[3] Except in circumstances inapplicable to this case.

U.S. v. BHATT
3:23-cr-00054-JMK-MMS

made a false statement to Special Agents of the FBI and Coast Guard Investigative Service. The Special Agents were investigating a matter constituting a potential federal crime that occurred within the special maritime jurisdiction of the United States. The Defendant knew that his statement was material because it had a natural tendency to influence the course of the investigation.

## GUIDELINES CALCULATION

The Court ordered that there would be no presentence report.[1] The Government calculates a total offense level of 4 with criminal history category I. This corresponds to a guideline range of zero to six months. It appears the parties agree regarding the guideline range.[2]

**STATUTORY CRITERIA AND RECOMMENDED SENTENCE**

**1. Nature and circumstances of the offense**

The Defendant knew that, as a crew member aboard a cruise ship, his employer's policy forbade him[3] from being present alone with a passenger in the passenger's cabin. In this case, the Defendant repeatedly entered and exited the passenger's cabin, allowing the door to fully close after he entered the cabin. Later, the passenger disclosed to other crew members that the Defendant made sexual advances within the cabin, culminating in the Defendant touching her buttocks without consent. The passenger suffered considerable distress because of this incident.

---

[1] Dkt. 26
[2] Dkt. 27 at 2
[3] Except in circumstances inapplicable to this case.

The cruise line terminated the Defendant's employment because he violated policy by being alone with the passenger in her cabin. Later, when federal law enforcement officers spoke with the Defendant, they explained that it would be a crime to lie to them regarding the investigation. Despite this warning, the Defendant falsely stated that the cabin door remained open while he was present with the passenger. When confronted with video showing that the door swiftly and completely closed after each time he entered the passenger's cabin, the Defendant admitted that, in fact, the door was closed.

## 2. History and characteristics of the defendant

The Defendant has no known criminal convictions.

## 3. The seriousness of the offense and just punishment

It is a serious offense to lie to federal law enforcement regarding any investigation. But it is especially serious to do so when law enforcement is investigating a potential sex crime that occurred within in an enclosed space while only two people are present.

## 4. Adequate deterrence

The proposed sentence adequately deters the Defendant because it occurs within the context of the Defendant losing his employment and his legal status in the United States. The Defendant's conviction is likely to make it impossible, or at least much more difficult, for him to acquire another visa to enter the United States.

## 5. Protection of the public from further crimes

The proposed sentence protects the public because the Defendant will remain on supervised release until he departs the United States. Further, under the proposed plea agreement, the Defendant will be required to make all reasonable efforts to depart the

United States as soon as possible.[4] The Government is coordinating with the defense team to facilitate his prompt departure from the United States.

## 6. Avoidance of unwarranted disparities

Undersigned is unaware of similar cases within this District. The Guidelines reduce unwarranted disparities, and this proposed sentence is within the applicable guideline range.

## 7. Sentencing recommendation

The Government respectfully requests the Court impose the recommended sentence.

RESPECTFULLY SUBMITTED August 4, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Ms. Morgan J. Walker
MS. MORGAN J. WALKER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Ms. Morgan J. Walker

---

[4] Dkt, 24 at 8

U.S. v. BHATT
3:23-cr-00054-JMK-MMS
Page 4 of 4